# EXHIBIT 1

February 1, 2024

VIA EMAIL ONLY:
Steve Kim
SK Restaurants dba Denny's Restaurant #8803
steveyoungq@aol.com

CC AGENTS VIA EMAIL ONLY: Paul Kim paul@pk-insurance.com / April Smith
aprils@andersonandblack.com

RE:

| | |
|---|---|
| First Named Insured: | SK Restaurants dba Denny's Restaurant #8803 |
| Party Seeking Coverage: | Steve Y. Kim |
| Plaintiff: | Hailey Beckham et al |
| Claim No. | 24176309 |
| Primary Underwriting Company: | Ohio Security Insurance Company |
| Excess Underwriting Company: | The Ohio Casualty Insurance Company |
| Lawsuit Caption: | Beckham et al v. Kim et al |
| Court: | Superior Court of the State of Washington in and for the County of Pierce |
| Docket No.: | 24-2-05199-1 |

Dear Mr. Kim:

This letter confirms receipt of the above-referenced lawsuit ("Lawsuit"), in which Steve Y. Kim ("Mr. Kim") has been named as a defendant.

As more fully described in this letter, we deny coverage for the Lawsuit and will not participate in the defense of Mr. Kim or pay any settlements or judgments.

## THE LAWSUIT

The Lawsuit filed by Counsel on behalf of Hayley Beckham individually and on behalf of all individuals currently or formerly employed by any restaurants/entities owned by and/or operated by Steve Y. Kim in Washington State at any time on or after December 6, 2020 ("Plaintiffs") against Mr. Kim asserts that Mr. Kim is the owner/operator of several "Denny's" Restaurants throughout the state of Washington, including a location in Spanaway, WA where Ms. Beckham was employed. The Lawsuit alleges that Mr. Kim "created and maintained timekeeping systems, work scheduled, staffing levels, job requirements and a working environment that discouraged [Ms. Beckham] and Class Members from taking rest and meal periods in compliance with Washington law."

The Lawsuit contains the following causes of action:

1

I.    Classwide Failure to Ensure Rest Periods in Violation of the Washington Industrial Welfare Act and Failure to Compensate for Violations in Violation of the Washington Minimum Wage Act and Washington Wage Payment Act

II.    Classwide Failure to Provide Meal Periods in Violation of the Washington Industrial Welfare Act and Failure to Compensate for Violations of the Washington Minimum Wage Act and Washington Payment Act

III.    Classwide Failure to Pay Overtime Wages in Violation of the Washington Minimum Wage Act

IV.    Classwide Willful Withholding of Wages in Violation of the Washington Wage Rebate Act

The Plaintiffs seek relief in the form of certification of this case as a class action pursuant to CR 23(a) and (b)(3); damages for unpaid wages in amounts to be proven at trial; exemplary damages in amounts equal to double the wages due to Plaintiff and Class Members pursuant to RCW 49.53.070; attorneys' fees and costs pursuant to RCW 49.46.090, 49.48.030 and 49.52.070; prejudgment interest pursuant to RCW 19.52.010; and such other and further relief as the Court deems just and proper.

The above information summarizes the allegations in the Lawsuit. Please refer to the Lawsuit for the complete allegations.

## THE POLICY

Ohio Security Insurance Company issued the following Commercial General Liability policy to SK Restaurants dba Denny's Restaurant #8803, hereinafter "Policy":

Policy Number: BKS (21) 56 85 23 77 // BKS (22) 56 85 23 77 // BKS (23) 56 85 23 77
Effective Dates: October 15, 2020 to October 15, 2021 // October 15, 2021 to October 15, 2022 // October 15, 2022 to October 15, 2023

The relevant provisions of form CG 00 01 01 13 (as amended by Washington Changes Endorsement Form No. CG 01 81 05 08), for the above policy period states in relevant part as follows:

**SECTION I - COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
      (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C. No other obligation or liability to pay sums or perform acts or services is covered

2

unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**\*\*\***

2. Exclusions

This insurance does not apply to:

a. "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

[…]

d. "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

e. "Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

3

(Pursuant to Form CG 01 81 05 08: Exclusion e. of Coverage A - Bodily Injury And Property Damage Liability (Section I - Coverages) applies only to "bodily injury" to any "employee" of the insured whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51). With respect to "bodily injury" to "employees" of the insured whose employment is subject to the Industrial Insurance Act of Washington, Exclusion e. is replaced with the following:

This insurance does not apply to:

1. "Bodily injury" to an "employee" of the insured arising out of and in the course of:
   a. Employment by the insured; or
   b. Performing duties related to the conduct of the insured's business; or
2. Any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".)

f. "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement"
[…]

## COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
      (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.
   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.
2. Exclusions
   This insurance does not apply to:
   a. "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
   […]

4

d. "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

e. "Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

[…]

**\*\*\***

**SECTION II - WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

   e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2. Each of the following is also an insured:

   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

      (1) "Bodily injury" or "personal and advertising injury":

          (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

5

(b) To the spouse, child, parent, brother or sister of that co- "employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;

(c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph (1)(a) or (b) above; or

(d) Arising out of his or her providing or failing to provide professional health care services.

(2) "Property damage" to property:

(a) Owned, occupied or used by;

(b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by; you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

c. Any person or organization having proper temporary custody of your property if you die, but only:

(1) With respect to liability arising out of the maintenance or use of that property; and

(2) Until your legal representative has been appointed.

d. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and c. Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization. No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

(Pursuant to Form No. CG 01 81 05 08: Paragraphs 2.a.(1)(a), (b) and (c) of Section II - Who Is An Insured apply only to "employees" of the insured whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

6

With respect to "employees" of the insured whose employment is subject to the Industrial Insurance Act of Washington, the reference to "volunteer workers" is removed from Paragraph 2.(a) of Section II - Who Is An Insured and Paragraph 2.a.(1) of Section II is replaced with the following:

2. Each of the following is also an insured:
   a. Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:
      (1) "Bodily injury" or "personal and advertising injury":
         (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;
         (b) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph (1)(a) above; or (c) Arising out of his or her providing or failing to provide professional health care services.)

\*\*\*

**SECTION V – DEFINITIONS**
   1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:
      a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and
      b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.
   […]
   3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
   […]
   **5**. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".
   […]
   13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
   14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

7

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

[…]

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

\*\*\*

Your policy also contains the **CG 01 97 12 07** endorsement which states in part:

COMMERCIAL GENERAL LIABILITY
CG 01 97 12 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**WASHINGTON CHANGES - EMPLOYMENT - RELATED PRACTICES EXCLUSION**

8

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph 2., Exclusions of Coverage A - Bodily Injury And Property Damage Liability (Section I Coverages): This insurance does not apply to: "Bodily injury" to:

1. A person arising out of any:
   a. Refusal to employ that person;
   b. Termination of that person's employment; or
   c. Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
2. The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment- related practices described in Paragraphs a., b. and c. above is directed.

This exclusion applies:
1. Whether the injury-causing event described in Paragraphs a., b. or c. above occurs before employment, during employment or after employment of that person;
2. Whether the insured may be liable as an employer or in any other capacity; and
3. To any obligation to share damages with or repay someone else who must pay damages because of the injury. However, Paragraphs 1.a. and 2. of this exclusion do not apply if such "bodily injury" is sustained by any "employee" of the insured whose employment is subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

B. The following exclusion is added to Paragraph 2., Exclusions of Coverage B Personal Injury And Advertising Injury Liability (Section I - Coverages): This insurance does not apply to: "Personal and advertising injury" to:

1. A person arising out of any:
   a. Refusal to employ that person;
   b. Termination of that person's employment; or
   c. Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
2. The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs a., b. and c. above is directed.

This exclusion applies:
1. Whether the injury-causing event described in Paragraphs a., b. or c. above occurs before employment, during employment or after employment of that person;
2. Whether the insured may be liable as an employer or in any other capacity; and
3. To any obligation to share damages with or repay someone else who must pay damages because of the injury. However, Paragraphs 1.a. and 2. of this exclusion do not apply if such "personal and advertising injury" is sustained by any "employee" of the insured whose employment is subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

9

***

### SCHEDULE[1]

| | |
|---|---:|
| **Employment Practices Liability Annual Aggregate Limit of Insurance** | **$10,000** |
| **Employment Practices Liability Each Claim Limit of Insurance** | **$10,000** |
| **Deductible Amount** | **$5,000** |
| **Retroactive Date** | **October 15, 2015** |

**COMMERCIAL GENERAL LIABILITY**
**CG 89 02 07 10**

**EMPLOYMENT PRACTICES LIABILITY COVERAGE FORM**

**THIS ENDORSEMENT PROVIDES CLAIMS-MADE AND REPORTED COVERAGE.  DEFENSE COSTS APPLY AGAINST THE LIMITS OF INSURANCE AND ARE SUBJECT TO THE DEDUCTIBLE.**

**PLEASE READ THE ENTIRE ENDORSEMENT CAREFULLY.**

THERE IS A SEPARATE COINSURANCE PROVISION APPLICABLE TO ALL PAYMENTS FOR "DAMAGES".

PLEASE READ THIS POLICY CAREFULLY TO DETERMINE RIGHTS, DUTIES, COVERAGE AND COVERAGE RESTRICTIONS.

Throughout this form the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance. The word "insured" means any person or organization qualifying as such under SECTION II - WHO IS AN INSURED.

All words and phrases that appear in quotation marks have special meaning. Refer to SECTION VIII - DEFINITIONS.

SECTION I - COVERAGE
    A. INSURING AGREEMENT
        1. We will pay on behalf of the insured for "damages" in excess of the Deductible arising out of any "employment practices" to which this insurance applies. We have no obligation under this insurance to make payments or perform acts or services except as provided for in this paragraph and in Item B. below.
        2. This insurance applies to such "damages" only if:
            a. The "damages" result from "claims" made by "employees", "leased workers", "temporary workers", former "employees" or applicants for employment by you;

---

[1] As provided in the Declarations section of your policy

10

      b. The "employment practices" take place in the "coverage territory";

      c. Such "employment practices" occurred after the Retroactive Date, if any, shown in the Declarations and before the end of the "policy period"; and

      d. A "claim" is both:

          (1) First made against any insured, in accordance with Paragraph 3. below, during the "policy period" or any Extended Reporting Period we provide under SECTION VII EXTENDED REPORTING PERIODS; and

          (2) Reported to us either:

              (a) During the "policy period" or within thirty (30) days thereafter; or

              (b) With respect to any "claim" first made during any Extended Reporting Period we provide under SECTION VII - EXTENDED REPORTING PERIODS, during such Extended Reporting Period.

3. A "claim" will be deemed to have been made at the earlier of the following times:

      a. When notice of such "claim" is received and recorded by you or by us, whichever comes first; or

      b. When we make settlement in accordance with Paragraph B.3. below.

4. All "claims" for "damages" based on or arising out of:

      a. One "employment practice", or

      b. "Interrelated" "employment practices"

by one or more insureds shall be deemed to be one "claim" and to have been made at the time the first of those "claims" is made against any insured.

Each payment we make for "damages" or "defense expense" reduces the amount of insurance available, as provided under SECTION III - LIMITS OF INSURANCE. Each payment we make for "damages" under this insurance is further subject to your coinsurance participation, as specifically described in SECTION V - COINSURANCE FOR PAYMENT OF "DAMAGES".

B. DEFENSE OF CLAIMS, ADMINISTRATIVE HEARINGS AND SETTLEMENT AUTHORITY

1. We have the right and duty to defend the insured against "claims" seeking "damages" to which this insurance applies and to pay for related "defense expense". However, we have no duty to:

      a. Defend the insured against "claims" seeking "damages", or

      b. Pay for related "defense expense", when this insurance does not apply.

2. Our right and duty to defend the insured against "claims" end when we have used up the amount of insurance available, as provided under SECTION III - LIMITS OF INSURANCE. This applies both to "claims" pending at that time and those filed thereafter.

3. We may:

      (a) At our sole discretion, investigate any "employment practice" that may result in "damages"; and

11

(b) Settle any "claim" which may result, provided:

(1) We have your written consent to settle; and

(2) The settlement is within the applicable Limit of Insurance available.

Our liability will be limited as described below if:

(i) You refuse to consent to any settlement we recommend, and

(ii) Such recommended settlement is also acceptable to the claimant.

When this happens, our liability under this Coverage Part for such "claim" shall not exceed the amount we would have paid for "damages" and "defense expense" if you had consented at the time of our recommendation. You shall thereafter negotiate and defend that "claim" at your own cost and without our involvement.

4. a. When we control defense of a "claim", we will pay associated "defense expense" and choose a counsel of our choice from the panel of attorneys we have selected to deal with "employment practices" "claims". If you give us a specific written request at the time a "claim" is first made:

(1) You may select one of our panel of employment law attorneys; or

(2) You may ask us to consider the approval of a defense attorney of your choice who is not on our panel.

We will use the panel attorney you selected in (1) above, or consider your request in (2) above, when we deem it appropriate to engage counsel for such "claim".

b. If by mutual agreement or court order the insured assumes control of such defense before the applicable Limit of Insurance is used up, we will reimburse the insured for reasonable "defense expense", subject to item c. immediately below. You and any involved insured must continue to comply with SECTION VI - CONDITIONS, B. Duties In Event Of "Employment Practices" And "Claims". Additionally, you or such insured must direct defense counsel to:

(1) Furnish us with additional information we request to evaluate the "employment practices" or "claims"; and

(2) Cooperate with any counsel we may select to montitor or associate in the defense of the "employment practices" or "claim".

c. If we defend the insured under a reservation of rights, counsel will be required to maintain records pertinent to the insured's "defense expenses". These records will be used to determine the allocation of any "defense expenses" for which you or any insured may be solely responsible, including defense of an allegation not covered by this insurance.

d. We will notify you in writing when the applicable limit of insurance has actually been used up by the payment of judgment, settlements or "defense expense". We will also initiate and cooperate in the transfer of defense of any "claim" to an appropriate insured for which the duty to defend has ended by reason of SECTION B.2. above.

In any case, however, we only pay amounts in excess of the Deductible and such payments will reduce the Limit of Insurance available, as provided under SECTION III - LIMITS OF INSURANCE.

C. EXCLUSIONS

12

This insurance does not apply to "claims" arising directly or indirectly from any:

1. Prior "Employment Practices", Facts Or Circumstances
    a. "Employment practices" which were the subject of any demand, suit or other proceeding which was initiated against any insured; or
    b. Facts, incidents and circumstances which would cause a reasonable person to believe a "claim" would be made and which were known to any insured, prior to the effective date of the earlier of:
        (a) The first Employment Practices Liability Coverage Part that we issued to you of which this policy was an uninterrupted renewal of this type of coverage, or
        (b) This Employment Practices Liability Coverage Part.
2. Contractual Liability
    a. Breach of any express contract of employment or any express obligation to make payments in the event of termination of employment; or
    b. Obligation to pay "damages" by reason of the assumption of liability in any contract or agreement. This exclusion does not apply to liability for "damages" that the insured would have in the absence of the contract or agreement.
3. Statutory Obligations
    Of the following laws:
    a. Any workers compensation, disability benefits or unemployment compensation law, or any similar law, provided however, this exclusion shall not apply to any "claim" based upon, arising from, or in consequence of any actual or alleged retaliatory treatment of the claimant by the insured on account of the claimant's exercise of rights pursuant to any such law; or
    b. The Fair Labor Standards Act, or any state or common law wage or hour law, including, but not limited to laws governing minimum wages, hours worked, overtime compensation, and including any recordkeeping and reporting related thereto. This exclusion includes actions or claims brought by or on behalf of individuals or agencies seeking wages, fines, penalties, taxes, disgorgement, or other affirmative relief or compensation, but does not include claims based on the Equal Pay Act, or retaliation; or
    c. The National Labor Relations Act of 1938, the Worker Adjustment and Retraining Notification Act (Public Law 10037991988), the Consolidated Omnibus Budget Reconciliation Act of 1985, or the Occupational Safety and Health Act.
    This exclusion also applies to any rules or regulations promulgated under any of the foregoing and amendments thereto or any similar provisions of any federal, state or local law, and to that part of any "damages" awarded for the cost or replacement of any insurance benefits due or alleged to be due to any current or former "employee".
    […]
6. Dishonest, Criminal Or Fraudulent Acts, Or Failure To Comply With Law
    a. Dishonest, criminal or fraudulent acts of the insured; or

13

    b. The willful failure by the insured or with the insured's consent to comply with any law or any governmental or administrative order or regulation relating to "employment practices". Willful, as used in this exclusion, means acting with intentional or reckless disregard for such employment related laws, orders or regulations. The enforcement of this exclusion against any insured under this policy shall not be imputed to any other insured.

[…]

SECTION II - WHO IS AN INSURED

    A. If you are designated in the Declarations as:

      1. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

      2. A partnership or joint venture, you are an insured. Your current or former members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

      3. A limited liability company, you are an insured. Your current or former members are also insureds, but only with respect to the conduct of your business. Your current or former managers are insureds, but only with respect to their duties as your managers.

      4. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your current or former directors are insureds, but only with respect to their duties as your directors.

    B. Each of the following is also an insured:

      1. Your current or former "employees" but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

      2. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

    C. Any heirs, executors, administrators, assignees or legal representatives of any individual insured described in provisions 1. and 2. of Paragraphs A. and B. above, in the event of the death, bankruptcy or incapacity of such insured, shall be insureds, but only to the extent this insurance would have been available to such insured but for their death, bankruptcy or incapacity.

    D. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

      1. You must provide us notice of such acquisition or formation within 30 days of the effective date of your acquisition or formation;

      2. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the "policy period", whichever is earlier;

      3. Coverage does not apply to any "employment practices" that occurred before you acquired or formed the organization; and

      4. You must pay us any additional premium due as a condition precedent to the enforceability of this additional extension of coverage.

14

This Part D. does not apply to any organization after it is shown in the Declarations or added to this policy by endorsement. No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

SECTION Ill - LIMITS OF INSURANCE
    A. The Limits of Insurance shown in the Declarations for this Coverage Part and the rules below fix the most we will pay regardless of the number of:
        1. Insureds;
        2. "Claims" made; or
        3. Persons or organizations making "claims".
    B. The amount of insurance stated as Aggregate Limit is the most we will pay for the sum of :
        1. All "damages" for all "claims" arising out of any actual or alleged "employment practices" covered by this insurance; and
        2. All "defense expense" for all "claims" seeking "damages" payable under Paragraph B.1. above. Each payment we make for such "damages" or "defense expenses" reduces the Aggregate Limit by the amount of the payment. This reduced limit will then be the amount of insurance available for further "damages" and "defense expenses" under this Coverage Part.
    C. Subject to B. above, the amount of insurance stated as the Each "Claim" Limit is the most we will pay in excess of the Deductible as further described in SECTION IV - DEDUCTIBLE for the sum of :
        1. All " damages" for injury arising from "employment practices" covered by this insurance arising out of one "claim" whether such "claim" is brought by one or more claimants; and
        2. All "defense expense" associated with that specific "claim" in Item C.1. immediately preceding.
    D. In addition to the payments for "damages" and "defense expense" in Paragraphs B. and C. above, we will also pay all interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the amount available for the judgment under the provisions of Paragraphs B. and C. above. These Limits of Insurance apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the "policy period", unless the "policy period" is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

SECTION IV - DEDUCTIBLE
    A. A deductible applies to all "damages" for injury arising from "employment practices" and any "defense expense" however caused.
    B. Our obligation under this Employment Practices Liability Insurance to pay "damages" and "defense expense" on behalf of any insured applies only to the sum of the amount of "damages" and "defense expense" for each

15

"claim" which are in excess of the deductible amount stated in Declarations.

C. Your obligation is to pay that deductible which is applicable to each "claim" made against this insurance. That deductible applies to the sum of all "damages" because of injury arising from "employment practices" paid for each "claim" and applicable "defense expense" associated therewith. If there should be no "damages" paid for a "claim", you are still obligated to pay the applicable deductible for any "defense expense" incurred by us in connection with that "claim".

D. The terms of this insurance apply irrespective of the application of the deductible, including those with respect to:

1. Our right and duty to defend any "claims" seeking those "damages"; and

2. Your duties in the event of a "claim".

E. We may pay any part or all of the deductible to effect settlement of any "claim" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible as we may have paid for "damages" or "defense expense".

F. The application of the deductible does not erode the Limits of Insurance provided.

[…]

SECTION VI - CONDITIONS

We have no duty to provide insurance under this Coverage Part unless you and any involved insured have fully complied with Conditions contained in this Coverage Part.

[…]

B. Duties in Event of "Employment Practices" or "Claims"

1. You must see to it that we are notified as soon as practicable of any specific "employment practices" which you believe may result in an actual "claim". Your belief must be reasonably certain as the result of specific allegations made by a potential claimant or such potential claimant's representative, or as the result of specifically identifiable injury sustained by a potential claimant. To the extent possible, notice should include:

a. How, when and where such "employment practices" took place;

b. The names and addresses of any potential claimants and witnesses; and

c. The nature of any injury arising out of such "employment practices".

Notice of such "employment practices" is not notice of a "claim", but preserves any insured's rights to future coverage for subsequent "claims" arising out of such "employment practices" as described in the Basic Extended Reporting Period of SECTION VII EXTENDED REPORTING PERIODS.

2. If a "claim" is received by any insured:

16

a. You must immediately record the specifics of the "claim" and the date received;

b. You and any other involved insured must see to it that we receive written notice of the "claim", as soon as practicable, but in any event we must receive notice either:

(1) During the "policy period" or within thirty (30) days thereafter; or

(2) With respect to any "claim" first made during any Extended Reporting Period we provide under SECTION VII EXTENDED REPORTING PERIODS, during such Extended Reporting Period, as a condition precedent for coverage under this insurance. Such notice must provide us with the same information as is required in Item 1. immediately preceding; and

a. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, settlement or defense of the "claim"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

3. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense without our consent.

[…]

SECTION VII - EXTENDED REPORTING PERIODS

A. We will provide Extended Reporting Periods, as described below, if:

1. This insurance is cancelled or not renewed; or

2. We renew or replace this Coverage Part with insurance that:

a. Has a Retroactive Date later than the date shown in the Declarations of this Coverage Part; or

b. Does not apply on a claims-made basis.

B. Extended Reporting Periods do not extend the "policy period" or change the scope of coverage provided. They apply only to "claims" as the result of "employment practices" which occurred after the Retroactive Date, if any, shown in the Declarations and before the end of the "policy period". Once in effect, Extended Reporting Periods may not be cancelled.

17

C. Extended Reporting Periods do not reinstate or increase the Limits of Insurance.

D. A Basic Extended Reporting Period is automatically provided without additional charge. This period starts with the end of the "policy period" and lasts for:

    1. Five years with respect to "claims" arising out of "employment practices" which had been properly reported to us during the "policy period" in accordance with provision 1. of Paragraph B. Duties in Event of "Employment Practices" or "Claims", under SECTION VI - CONDITIONS; and

    2. Sixty days with respect to "claims" arising from "employment practices" not previously reported to us.

The Basic Extended Reporting Period does not apply to "claims" that are covered under any subsequent insurance you purchase, or that would be covered but for exhaustion of the amount of insurance applicable to such claims.

E. A Supplemental Extended Reporting Period of twelve (12) months duration is available, but only by an endorsement and for an extra charge. This supplemental period starts when the Basic Extended Reporting Period, set forth in Paragraph D.2. above, ends. You must give us a written request for the endorsement within 30 days after the end of the "policy period". The Supplemental Extended Reporting Period will not go into effect unless you pay the additional premium when due. We will determine the additional premium in accordance with our rules and rates. In doing so, we may take into account the following:

    1. The exposures insured;

    2. Previous types and amounts of insurance;

    3. Limits of Insurance available under this Coverage Part for future payment of "damages" or "defense expense"; and

    4. Other related factors.

The additional premium will not exceed 200% of the annual premium for this Coverage Part.

F. The Supplemental Extended Reporting Period endorsement we issue shall set forth the terms, not inconsistent with this Section, applicable to the Supplemental Extended Reporting Period, including a provision to the effect that the insurance afforded for "claims" first received during such period is excess over any other valid and collectible insurance available under policies in force after the Supplemental Extended Reporting Period begins.

SECTION VIII – DEFINITIONS

[…]

B. "Claim" means written or oral notice presented by:

    1. Any "employee", "leased worker", "temporary worker", former "employee" or applicant for employment by you; or

    2. The EEOC or any other Federal, state or local administrative or regulatory agency on behalf of such person in Item 1. immediately

18

preceding, alleging that the insured is responsible for "damages" as a result of injury arising out of any "employment practices".

"Claim" includes any civil proceeding in which either "damages" are alleged or fact finding will take place, when either is the actual or alleged result of any "employment practice" to which this insurance applies. This includes:

(1) An arbitration proceeding in which such "damages" are claimed and to which the insured submits with our consent;

(2) Any other alternative dispute resolution proceeding in which such "damages" are claimed and to which the insured submits with our consent; or

(3) Any administrative proceedings established under applicable federal, state or local laws as may be applicable to "employment practices" covered under this insurance.

[…]

D. "Damages" means monetary amounts to which this insurance applies and which the insured is legally obligated to pay as judgments or awards, or as settlements to which we have agreed in writing. "Damages" include:

1. "Pre-judgment interest" awarded against the insured on that part of the judgment we pay,

2. To the extent allowed by law, any portion of a judgment or award that represents a multiple of the compensatory amounts or punitive or exemplary damages, and

3. "Legal fees" unless the "claim" is seeking solely equitable relief, injunctive relief, declarative relief or any other relief or recovery other than money.

"Damages" do not include:

(1) Civil, criminal, administrative or other fines or penalties;

(2) Equitable relief, injunctive relief, declarative relief or any other relief or recovery other than money;

(3) "Legal fees" when solely equitable relief, injunctive relief, declarative relief or any other relief or recovery other than money is sought; or

(4) Judgments or awards because of acts deemed uninsurable by law.

E. "Defense expense" means payments allocated to a specific "claim" for its investigation, settlement, or defense, including:

1. Attorney fees and all other litigation expenses.

2. The cost of bonds to appeal a judgment or award in any "claim" we defend. We do not have to furnish these bonds.

3. The cost of bonds to release attachments, but only for bond amounts within the available limits of insurance. We do not have to furnish these bonds.

4. Reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of any "claim", including actual loss of earnings up to $250 a day because of time off from work.

5. Costs taxed against the insured in the "claim".

"Defense expense" does not include:

19

(1) Salaries and expenses of our employees or your "employees", other than:

(a) That portion of our employed attorneys' fees, salaries and expenses allocated to a specific "claim" for the defense of the insured; and

(b) The expenses described in 4. above; and

(2) Interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the amount available for the judgment under the provisions of SECTION III - LIMITS OF INSURANCE.

[…]

G. "Employment practices" means any of the following actual or alleged practices which are directed against any of your "employees", "leased workers", "temporary workers", former "employees" or any applicant for employment by you, and for which remedy is sought under any federal, state or local statutory or common civil employment law:

1. Wrongful refusal to employ a qualified applicant for employment;

2. Wrongful failure to promote, or wrongful deprivation of career opportunity;

3. Wrongful demotion, negligent evaluation, negligent reassignment or wrongful discipline;

4. Wrongful termination of employment, including retaliatory or constructive discharge;

5. Employment related misrepresentation;

6. Harassment, coercion, discrimination or humiliation as a consequence of race, color, creed, national origin, marital status, medical condition, gender, age, physical appearance, physical and/or mental impairments, pregnancy, sexual orientation or sexual preference or any other protected class or characteristic established by any applicable federal, state, or local statute; or

7. Oral or written publication of material that slanders, defames or libels or violates or invades a right of privacy.

[…]

\*\*\*

The Ohio Casualty Company also issued Excess Liability Coverage coverage under the following policy (hereinafter "Excess Policy"):

Policy Number: ESO (21) 56 85 23 77 // ESO (22) 56 85 23 77 // ESO (23) 56 85 23 77

Policy Period: October 15, 2020 to October 15, 2021 // October 15, 2021 to October 15, 2022 // October 15, 2022 to October 15, 2023

**CE 65 24 06 97**

**EXCESS LIABILITY COVERAGE FORM**

20

There are provisions in this policy that restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured. The words "we," "us" and "our" refer to the Company providing this insurance. The word Insured means any person or organization qualifying as such in the "first underlying insurance." Other words and phrases that appear in quotation marks have special meaning and can be found in the DEFINITIONS Section or the specific policy provision where they appear.

In consideration of the payment of the premium and in reliance upon the statements in the Declarations we agree with you to provide the coverage as follows:

**INSURING AGREEMENTS**

**I. COVERAGE**

> We will pay on behalf of the Insured the amount of "loss" covered by this insurance in excess of the "Underlying Limits of Insurance" shown in Item 5. of the Declarations, subject to INSURING AGREEMENT Section II., Limits of Insurance. Except for the terms, conditions, definitions and exclusions of this policy, the coverage provided by this policy will follow the "first underlying insurance."

***

**V. DEFINITIONS**

> A. "First underlying insurance" means the policy or policies of insurance stated as such in Item 5. of the Declarations.
>
> B. "Loss" means those sums actually paid in the settlement or satisfaction of a claim which you are legally obligated to pay as damages after making proper deductions for all recoveries and salvage.
>
> C. "Underlying insurance" means "first underlying insurance" and all policies of insurance listed in Item 5. of the Declarations.
>
> D. "Underlying Limits of Insurance" means the total sum of the limits of all applicable "underlying insurance" stated in Item 5. of the Declarations, including self-insurance, or means other than insurance.

***

The Policy is incorporated by reference into this letter in its entirety.  Although we have attempted to include all of the policy provisions that we believe are pertinent, the provisions set forth above in no way replace the provisions of the actual Policy issued.  If you have any questions regarding the terms,

21

definitions, exclusions, conditions, endorsements and/or limits of liability contained in the applicable Policy, you should refer to the Policy itself. To the extent there is any discrepancy between this letter and the Policy, the Policy controls.

## APPLICATION OF POLICY/COVERAGE POSITION

Based upon the information available to date, the grounds for the denial of coverage under the Policy, or under applicable law, with respect to the Lawsuit, include, but are not limited to, the following:

### A. Commercial General Liability Primary Policy

In order for Commercial General Liability coverage to apply to a loss, there must be an "occurrence" that results in "bodily injury", "property damage", or an offense that gives rise to a claim for "personal and advertising injury" during the policy period. The allegations of wage violations in and of itself does not constitute an "occurrence," as defined in the Primary Policy, nor does it result in "bodily injury", "property damage", or "personal and advertising injury", therefore the Insuring Agreement has not been triggered.

Additionally, as a Corporation, "[SK Restaurants is] an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders" (See Commercial General Liability Section II(1)(d)). Steve Kim, as an "executive officer" and/or director of SK Restaurants, is considered an Insured only for his activities as an "executive officer" or director of SK Restaurants. As the Lawsuit describes activities which allegedly occurred at other restaurants for which Mr. Kim may not qualify as an insured under the SK Restaurants policy, this may further preclude coverage.

Further, the policy contains the Employment-Related Practices Exclusion (CG 01 97 12 07) which eliminates coverage for any "bodily injury" or "personal and advertising injury" arising out of refusal to employ that person; termination of that person's employment; or employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person. As such, your Commercial General Liability policy does not afford coverage for this loss.

### B. Employment Practices Liability Coverage Form

Coverage exists under the Policy for "damages" arising out of any "employment practices" only if a "claim" is both **(1)** first made against any insured in accordance with the Policy during the "policy period", and **(2)** reported to us either during the "policy period" or within thirty (30) days thereafter. Here, the Lawsuit was received by SK Restaurants on January 12, 2024. The "claim" was reported to us on January 18, 2024. The Retroactive Date on this endorsement is October 15, 2015. Accordingly, in this instance, the "claim" was not first made during the applicable "policy period" of October 15, 2022 to October 15, 2023. The Policy provides for a Basic Extended Reporting Period of sixty (60) days with respect to "claims" arising from "employment practices" not previously reported to us in the event the policy is cancelled or not renewed (see Employment Practices Liability Coverage Form Section VII). In the present instance, the policy period ended October 15, 2023 and was not renewed. The "claim" was made on January 12, 2024 and reported to us on January 18, 2024, over 60 days from the end of the policy. It is our understanding no Supplemental Extended Reporting Period was purchased. Accordingly, no Extended Reporting Period applies to this matter and no coverage is

22

available. The presented wage and hour allegations also do not meet the definition of "employment practices" as defined in the Policy and so the Insuring Agreement has not been triggered. As such, your Employment Practices Liability policy does not afford coverage for this loss.

Further, EPL Section I(C)(3)(b) provides "[This insurance does not apply to "claims" arising directly or indirectly from any:] [Statutory Obligations of the following laws:] The Fair Labor Standards Act, or any state or common law wage or hour law, including, but not limited to laws governing minimum wages, hours worked, overtime compensation, and including any recordkeeping and reporting related thereto. This exclusion includes actions or claims brought by or on behalf of individuals or agencies seeking wages, fines, penalties, taxes, disgorgement, or other affirmative relief or compensation, but does not include claims based on the Equal Pay Act, or retaliation..." In the present instance, the alleged wage violations including:

I.    Classwide Failure to Ensure Rest Periods in Violation of the Washington Industrial Welfare Act and Failure to Compensate for Violations in Violation of the Washington Minimum Wage Act and Washington Wage Payment Act
II.   Classwide Failure to Provide Meal Periods in Violation of the Washington Industrial Welfare Act and Failure to Compensate for Violations of the Washington Minimum Wage Act and Washington Payment Act
III.  Classwide Failure to Pay Overtime Wages in Violation of the Washington Minimum Wage Act
IV.   Classwide Willful Withholding of Wages in Violation of the Washington Wage Rebate Act

are precluded from coverage in their entirety by the foregoing exclusion language.

Additionally, as a Corporation, "[SK Restaurants is] an insured. Your current or former directors are insureds, but only with respect to their duties as your directors" (See Employment Practices Liability Section II(A)(4)). Steve Kim, as a director of SK Restaurants, is considered an Insured only for his activities as a director of SK Restaurants. As the Lawsuit describes activities which allegedly occurred at other restaurants for which Mr. Kim may not qualify as an Insured under the SK Restaurants policy, this may further preclude coverage.

## C. Excess Policy

The Excess Policy potentially applies to "loss" covered by this insurance in excess of the "Underlying Limits of Insurance". The Excess Policy would only be triggered to pay on behalf SK Restaurants those sums in excess of the underlying limits of insurance listed in the Primary Policy, and it provides no broader coverage for the claim than the Primary Policy.  Except for the terms, conditions, definitions and exclusions of this policy, the coverage provided by this policy will follow the Primary Policy.

The Claim in question seeks damages arising out of alleged wage violations, arising out of the claimant's employment with SK Restaurants.  As noted above, no coverage for these allegations is available under the Primary Policy; accordingly, no coverage is available under the Excess Policy.

***

23

Based on these grounds, we will not participate in the defense of Mr. Kim for the Lawsuit or pay any amounts in settlement of the Lawsuit or to satisfy any settlement achieved or judgment rendered against Mr. Kim in the Lawsuit.

While we have sought to identify and address above all relevant insurance coverage considerations, the foregoing specificity is not intended and should not be construed as a waiver of any other right or basis which we may have to deny coverage, and we reserve all rights in this regard.

If you have questions or concerns about the actions of your insurance company or agent, or would like information on your rights to file an appeal, contact the Washington state Office of the Insurance Commissioner's consumer protection hotline at 1-800-562-6900 or visit www.insurance.wa.gov. The insurance commissioner protects and educates insurance consumers, advances the public interest, and provides fair and efficient regulation of the insurance industry.

If you have any facts or other information that you believe may impact our coverage position, we request that you bring such information or pleadings to my immediate attention, so that we may evaluate same and assess whether such information or pleading impacts our coverage position or obligations.  Finally, if you receive an amended Lawsuit, please provide us with a copy for our review.

Should you have any questions or comments concerning this letter, please feel free to contact me at (203) 601-4585 or Jennifer.Griffin@libertymutual.com.

Sincerely,

*Jennifer Griffin*

Jennifer Griffin
Senior Claims Resolution Specialist
Liberty Mutual Insurance

24